

| Book | Policy Manual |
|---|---|
| Section | 5000 Students |
| Title | STUDENT ANTI-HARASSMENT |
| Code | po5517 |
| Status | Active |
| Adopted | August 17, 2009 |
| Last Revised | June 16, 2025 |

## 5517 - **STUDENT ANTI-HARASSMENT**

### Prohibited Harassment

It is the policy of the Board to maintain an educational environment that is free from all forms of harassment. This commitment applies to all District operations, programs, and activities. All students, administrators, teachers, staff, and all other school personnel share responsibility for avoiding, discouraging, and reporting any form of harassment. This policy applies to conduct occurring in any manner or setting over which the Board can exercise control, including on school property, or at another location if such conduct occurs during an activity sponsored by the Board.

The Board will not tolerate any form of harassment and will take all necessary and appropriate actions to eliminate it, including suspension or expulsion of students and disciplinary action against any other individual in the School District community. Additionally, appropriate action will be taken to stop and otherwise deal with any third party who engages in harassment against our students.

The Board will vigorously enforce its prohibition against harassment based on the traits of sex (including gender status, change of sex, or gender identity), race, color, national origin, religion, creed, ancestry, marital or parental status, sexual orientation or physical, mental, emotional or learning disability, or any other characteristic protected by Federal or State civil rights laws (hereinafter referred to as "Protected Classes"), and encourages those within the School District community as well as Third Parties, who feel aggrieved to seek assistance to rectify such problems. Additionally, the Board prohibits harassing behavior directed at students for any reason, even if not based on one of the Protected Classes, through its policies on bullying (See Policy 5517.01 – Bullying).

The Board will investigate all allegations of harassment and in those cases where harassment is substantiated, the Board will take immediate steps designed to end the harassment, prevent its reoccurrence, and remedy its effects. Individuals who are found to have engaged in harassment will be subject to appropriate disciplinary action.

### Other Violations of the Anti-Harassment Policy

The Board will also take prompt steps to impose disciplinary action on individuals engaging in any of the following prohibited acts:

    A. Retaliating against a person who has made a report or filed a complaint alleging harassment, or who has participated as a witness in a harassment investigation;

    B. Filing a malicious or knowingly false report or complaint of harassment;

    C. Disregarding, failing to investigate adequately, or delaying investigation of allegations of harassment, when responsibility for reporting and/or investigating harassment complaints comprises part of one's duties

**EXHIBIT 2**

Sexual Harassment covered by Policy 2266 - Nondiscrimination on the Basis of Sex in Education Programs or Activities, i.e., sexual harassment prohibited by Title IX, is not included in this policy. Allegations of such conduct shall be addressed by Policy 2266 - Nondiscrimination on the Basis of Sex in Education Programs or Activities.

**Notice**

Notice of the Board's policy on anti-harassment in the educational environment and the identity of the District's Compliance Officers will be posted throughout the District and published in any District statement regarding the availability of employment, staff handbooks, and general information publications of the District as required by Federal and State law and this policy.

**Definitions**

Words used in this policy shall have those meanings defined herein; words not defined herein shall be construed according to their plain and ordinary meanings.

**Complainant** is the individual who alleges, or is alleged, to have been subjected to harassment, regardless of whether the person files a formal complaint or is pursuing an informal resolution to the alleged harassment.

**Day(s)** means business day(s) (i.e., a day(s) that the District office is open for normal operating hours, Monday – Friday, excluding State-recognized holidays) unless expressly stated otherwise herein.

**Respondent** is the individual who has been alleged to have engaged in harassment, regardless of whether the Reporting Party files a formal complaint or is seeking an informal resolution to the alleged harassment.

**School District community** means individuals, students, administrators, teachers, and staff, as well as Board members, agents, volunteers, contractors, or other persons subject to the control and supervision of the Board.

**Third Parties** include, but are not limited to, guests and/or visitors on School District property (e.g., visiting speakers, participants on opposing athletic teams, parents), vendors doing business with, or seeking to do business with, the Board, and other individuals who come in contact with members of the School District community at school-related events/activities (whether on or off District property).

**Bullying**

Bullying is prohibited by Board Policy 5517.01 – Bullying. It is defined as deliberate or intentional behavior using words or actions, intended to cause fear, intimidation, or harm. Bullying may be a repeated behavior and involves an imbalance of power. Furthermore, it may be serious enough to negatively impact a student's educational, physical, or emotional well-being. Bullying need not be based on any Protected Class. Bullying behavior rises to the level of harassment when the prohibited conduct is based upon the student's sex (including gender status, change of sex, or gender identity), race, color, national origin, religion, creed, ancestry, marital or parental status, sexual orientation, physical, mental, emotional, or learning disability, or any other characteristic protected by Federal or State civil rights. Complaints brought under this policy that are more appropriately handled under the Bullying policy shall be referred for investigation consistent with the procedures in that policy.

Bullying that rises to the level of Sexual Harassment is covered by Policy 2266 - Nondiscrimination on the Basis of Sex in Education Programs or Activities, i.e., sexual harassment prohibited by Title IX, and is not included in this policy. Allegations of such conduct shall be addressed by Policy 2266 - Nondiscrimination on the Basis of Sex in Education Programs or Activities.

**Harassment**

Harassment means any threatening, insulting, or dehumanizing gesture, use of data or computer software, or written, verbal or physical conduct directed against a student based on one or more of the student's Protected Class that:

   A. places a student in reasonable fear of harm to their person or damage to their property;

   B. has the effect of substantially interfering with a student's educational performance, opportunities, or benefits; or

   C. has the effect of substantially disrupting the orderly operation of a school.

"Harassment" also includes "hate speech" directed against a student—the use of language, behavior, or images/symbols that express prejudice against a particular group or groups on the basis of any protected characteristic(s).

**EXHIBIT 2**

Examples are:

    A. making statements that promote violence toward a racial or ethnic group;

    B. drawing, displaying, or posting images or symbols of prejudice.

**Sexual Harassment**

For purposes of this policy only and not sexual harassment under Title IX, addressed in Policy 2266- Nondiscrimination on the Basis of Sex in Education Programs or Activities, "sexual harassment" is defined as unwelcome sexual advances, requests for sexual favors, sexually motivated physical conduct or other verbal or physical conduct or communication of a sexual nature when:

    A. submission to that conduct or communication is made a term or condition, either explicitly or implicitly, of access to educational opportunities or program;

    B. submission or rejection of that conduct or communication by an individual is used as a factor in decisions affecting that individual's education;

    C. that conduct or communication has the purpose or effect of substantially or unreasonably interfering with an individual's education, or creating an intimidating, hostile, or offensive educational environment.

Sexual harassment may involve the behavior of a person of any gender against a person of the same or another gender.

Prohibited acts that constitute sexual harassment under this policy may take a variety of forms. Examples of the kinds of conduct that may constitute sexual harassment include, but are not limited to:

    A. unwelcome verbal harassment or abuse;

    B. unwelcome pressure for sexual activity;

    C. threats or insinuations that a person's employment, wages, academic grade, promotion, classroom work or assignments, academic status, participation in athletics or extra-curricular programs, activities, or events, or other conditions of employment or education may be adversely affected by not submitting to sexual advances;

    D. unwelcome verbal expressions, including graphic sexual commentaries about a person's body, dress, appearance, or sexual activities; the unwelcome use of sexually degrading language, profanity, jokes or innuendoes; unwelcome suggestive or insulting sounds or whistles; obscene telephone calls and obscene gestures;

    E. Sexually suggestive objects, pictures, graffiti, videos, posters, audio recordings or literature, placed in the work or educational environment, that may reasonably embarrass or offend individuals;

    F. unwelcome, sexually motivated or inappropriate patting, pinching, or physical contact, other than necessary restraint of students by teachers, administrators, or other school personnel to avoid physical harm to persons or property;

    G. unwelcome sexual behavior or words including demands for sexual favors, accompanied by implied or overt threats concerning an individual's educational status;

    H. unwelcome sexual behavior or words, including demands for sexual favors, accompanied by implied or overt promises of preferential treatment with regard to an individual's educational status;

    I. unwelcome behavior or words directed at an individual because of gender;

       Examples are:

          1. repeatedly asking a person for dates or sexual behavior after the person has indicated no interest;

          2. rating a person's sexuality or attractiveness;

          3. staring or leering at various parts of another person's body;

          4. spreading rumors about a person's sexuality;

**EXHIBIT 2**

5. letters, notes, telephone calls, or materials of a sexual nature;

6. displaying pictures, calendars, cartoons, or other materials with sexual content.

J. inappropriate boundary invasions by a District employee or other adult member of the District community into a student's personal space and personal life;

Boundary invasions may be appropriate or inappropriate. Appropriate boundary invasions make medical or educational sense. For example, a teacher or aide assisting a kindergartner after a toileting accident or a coach touching a student during wrestling or football can be appropriate. However other behaviors might be going too far, are inappropriate and may be signs of sexual grooming.

Inappropriate boundary invasions may include, but are not limited to the following:

1. hugging, kissing, or other physical contacts with a student;

2. telling sexual jokes to students;

3. engaging in talk containing sexual innuendo or banter with students;

4. talking about sexual topics that are not related to the curriculum;

5. showing pornography to a student;

6. taking an undue interest in a student (i.e. having a "special friend" or a "special relationship");

7. initiating or extending contact with students beyond the school day for personal purposes;

8. using e-mail, text messaging or websites to discuss personal topics or interests with students;

9. giving students rides in the staff member's personal vehicle or taking students on personal outings without administrative approval;

10. invading a student's privacy (e.g. walking in on the student in the bathroom, locker-room, asking about bra sizes or previous sexual experiences);

11. going to a student's home for non-educational purposes;

12. inviting students to the staff member's home without proper chaperones (i.e. another staff member or parent of a student);

13. giving gifts or money to a student for no legitimate educational purpose;

14. accepting gifts or money from a student for no legitimate educational purpose;

15. being overly "touchy" with students;

16. favoring certain students by inviting them to come to the classroom at non-class times;

17. getting a student out of class to visit with the staff member;

18. providing advice to or counseling a student regarding a personal problem (i.e. problems related to sexual behavior, substance abuse, mental or physical health, and/or family relationships, etc.), unless properly licensed and authorized to do so;

19. talking to a student about problems that would normally be discussed with adults (i.e. marital issues);

20. being alone with a student behind closed doors without a legitimate educational purpose;

21. telling a student "secrets" and having "secrets" with a student;

22. other similar activities or behavior.

**EXHIBIT 2**

Inappropriate boundary invasions are prohibited and must be reported promptly to one of the District Compliance Officers, as designated in this policy, the Building Principal or the District Administrator.

K. remarks speculating about a person's sexual activities or sexual history, or remarks about one's own sexual activities or sexual history;

L. verbal, nonverbal, or physical aggression, intimidation, or hostility based on sex or sex-stereotyping that does not involve conduct of a sexual nature.

Not all behavior with sexual connotations constitutes sexual harassment. Sex-based or gender-based conduct must be sufficiently severe, pervasive, or persistent such that it adversely affects, limits, or denies an individual's education, or such that it creates a hostile or abusive educational environment, or such that it is intended to, or has the effect of, denying or limiting a student's ability to participate in or benefit from the educational program or activities.

In addition to investigating and taking appropriate corrective action in instances of harassment, or of sexual harassment or other sexual misconduct, the District shall make available to the victim of such harassment or misconduct resources to assist the student with coping with the effects of victimization.  The school counseling services shall identify available resources in the community and provide assistance to students in contacting such resources if desired by the student. The District will not directly provide or pay for assistance unless such services are available in the District program or the Board otherwise approves.

It is further the policy of the Board that a sexual relationship between staff and students is not permissible in any form or under any circumstances, in or out of the workplace, in that it interferes with the educational process and may involve elements of coercion by reason of the relative status of a staff member to a student.

### Race/Color Harassment

Prohibited racial harassment occurs when unwelcome physical, verbal, or nonverbal conduct is based upon an individual's race or color and when the conduct has the purpose or effect of: interfering with the individual's educational performance; creating an intimidating, hostile, or offensive learning environment; or interfering with one's ability to participate in or benefit from a class or an educational program or activity. Such harassment may occur where conduct is directed at the characteristics of a person's race or color, such as racial slurs, nicknames implying stereotypes, epithets, and/or negative references regarding racial customs.

### Religious (Creed) Harassment

Prohibited religious harassment occurs when unwelcome physical, verbal, or nonverbal conduct is based upon an individual's religion or creed and when the conduct has the purpose or effect of: interfering with the individual's work or educational performance; creating an intimidating, hostile, or offensive learning environment; or interfering with one's ability to participate in or benefit from a class or an educational program or activity. Such harassment may occur where conduct is directed at the characteristics of a person's religious tradition, clothing, or surnames, and/or involves religious slurs.

### National Origin/Ancestry Harassment

Prohibited national origin/ancestry harassment occurs when unwelcome physical, verbal, or nonverbal conduct is based upon an individual's national origin or ancestry and when the conduct has the purpose or effect of: interfering with the individual's educational performance; creating an intimidating, hostile, or offensive working and/or learning environment; or interfering with one's ability to participate in or benefit from a class or an educational program or activity. Such harassment may occur where conduct is directed at the characteristics of a person's national origin or ancestry, such as negative comments regarding customs, manner of speaking, language, surnames, or ethnic slurs.

### Disability Harassment

Prohibited disability harassment occurs when unwelcome physical, verbal, or nonverbal conduct is based upon an individual's physical, mental, emotional or learning disability and when the conduct has the purpose or effect of: interfering with the individual's educational performance; creating an intimidating, hostile, or offensive learning environment; or interfering with one's ability to participate in or benefit from a class or an educational program or activity. Such harassment may occur where conduct is directed at the characteristics of a person's disability, such as negative comments about speech patterns, movement, physical impairments or defects/appearances, or the like.

### Anti-Harassment Compliance Officers

**EXHIBIT 2**

The Board designates the following individuals to serve as the District's Compliance Officers (also known as "Anti-Harassment Compliance Officers"; hereinafter referred to as the "COs").

Troy Miller
Superintendent
715-243-7413
837 East Eleventh Street
tmiller@newrichmond.k12.wi.us

Kathy Rogers
Director of Student Services
715-243-7426
837 East Eleventh Street
krogers@newrichmond.k12.wi.us

The names, titles, and contact information of these individuals will be published annually:

    A. on the School District's website.

    B. in the parent and staff handbooks.

The Compliance Officer(s) are responsible for coordinating the District's efforts to comply with applicable Federal and State laws and regulations, including the District's duty to address in a prompt and equitable manner any inquiries or complaints regarding harassment.

**Reports and Complaints of Harassing Conduct**

Reporting procedures are as follows:

    A. Any student who believes they have been the victim of harassment prohibited under this policy will be encouraged to report the alleged harassment to any District employee, such as a teacher, administrator or other employees.

    B. Any parent of a student who believes the student has been the victim of harassment prohibited under this policy is encouraged to report the alleged harassment to the student's teacher, building administrator or District Administrator.

    C. Teachers, administrators, and other school employees who have the knowledge or received notice that a student has or may have been the victim of harassment prohibited under this policy shall report the alleged harassment to one (1) of the Compliance Officer(s)and the building principal or District Administrator within two (2) days.

    D. Any other person with knowledge or belief that a student has or may have been the victim of harassment prohibited by this policy shall be encouraged to immediately report the alleged acts to any District employee, such as a teacher, administrator or other employees.

    E. The reporting party or Complainant shall be encouraged to use a report form available from the principal of each building or available from the District office, but oral reports shall be considered complaints as well. Use of formal reporting forms shall not be mandated. However, all oral complaints shall be reduced to writing.

    F. To provide individuals with options for reporting harassment to an individual of the gender with which they feel most comfortable, the Board has designated both a male and a female Compliance Officer for receiving reports of harassment prohibited by this policy. At least one (1) Compliance Officer or other individuals shall be available outside regular school hours to address complaints of harassment that may require immediate attention.

A CO will be available during regular school/work hours to discuss concerns related to harassment and to assist students, other members of the School District community, and third parties who seek support or advice when informing another individual about "unwelcome" conduct, or to intercede informally on behalf of the student.

Any Board employee who directly observes harassment of a student is obligated, in accordance with this policy, to report such observations to one of the COs within two (2) days. Thereafter, the COs must contact the Complainant, if over age eighteen (18) or the Complainant's parents/guardians if under age eighteen (18), within two (2) days to advise of the Board's intent to investigate the alleged misconduct, including the obligation of the Compliance Officer to conduct an investigation following all the procedures outlined in the complaint procedures.

**EXHIBIT 2**

The COs are assigned to accept complaints of harassment directly from any member of the School District community or a Third Party, or to receive complaints that are initially filed with a school building administrator. Upon receipt of a complaint, either directly or through a school building administrator, a CO will contact the Complainant and begin either an informal or formal process (depending on the request of the Complainant or the nature of the alleged harassment), or the CO(s) will designate a specific individual to conduct such a process as identified in a pre-defined list of investigators.  The Compliance Officer(s) will provide a copy of this policy to the Complainant and Respondent. The CO will prepare recommendations for the District Administrator. In the case of a complaint against the District Administrator or a Board member, the CO will prepare recommendations for the Board Attorney who has been designated to serve as the decision-maker for such complaints. All Board employees must report incidents of harassment that are reported to them to the Compliance Officer as soon as possible, but always within no more than two (2) days of learning of the incident.

In cases where no District CO is able to investigate a complaint due to concerns regarding conflicts, bias, or partiality, or for other reasons that impair the CO's ability to conduct an investigation, the CO may, in consultation with the District Administrator, or Board President if the matter involves the District Administrator, engage outside legal counsel to conduct the investigation consistent with this policy.

**Filing a Complaint and Initial Processing of a Complaint**

Except for Sexual Harassment that is covered by Policy 2266 - Nondiscrimination on the Basis of Sex in Education Program or Activities, any student, or the student's parent/guardian, who believes that the student has been subjected to harassment may seek resolution of the complaint through the procedures described below. The formal complaint process involves an investigation of the Complainant's claims of harassment or retaliation and a process for rendering a decision regarding whether the charges are substantiated.

The procedures set forth below are not intended to interfere with the rights of a student to pursue a complaint of harassment or retaliation with the United States Department of Education Office for Civil Rights ("OCR") and/or other applicable government agency. The Chicago Office of the OCR can be reached at John C. Kluczynski Federal Building, 230 S. Dearborn Street, 37th Floor Chicago, IL 60604; Telephone: 312-730-1560; FAX: 312-730-1576; TDD: 800-877-8339; Email: OCR.Chicago@ed.gov; Web: http://www.ed.gov/ocr.

If at any time during the investigation process the investigator determines that the complaint is properly defined as Bullying, under Policy 5517.01 - Bullying and not Harassment under this Policy, because the conduct at issue is not based on a student's Protected Characteristics, the investigator shall transfer the investigation to the appropriate building principal.

If during an investigation of alleged bullying, aggressive behavior, and/or harassment, in accordance with Policy 5517.01 - Bullying, the Principal believes that the reported misconduct may have created a hostile educational environment and may have constituted discriminatory harassment based on a Protected Class, the Principal shall report the act of bullying, aggressive behavior, and/or harassment to one (1) of the Compliance Officer(s) who shall investigate the allegation in accordance with this policy. If the alleged harassment involves Sexual Harassment as defined by Policy 2266 - Nondiscrimination on the Basis of Sex in Education Program or Activities, the matter will be investigated in accordance with the grievance process and procedures outlined in Policy 2266 - Nondiscrimination on the Basis of Sex in Education Program or Activities. While the Compliance Officer investigates the allegation, or the matter is being addressed pursuant to Policy 2266, the Principal shall suspend the Policy 5517.01- Bullying investigation to await the Compliance Officer's written report or the determination of responsibility pursuant to Policy 2266 -Nondiscrimination on the Basis of Sex in Education Program or Activities. The Compliance Officer shall keep the Principal informed of the status of the investigation under this policy and provide the Principal with a copy of the resulting report. Likewise, the Title IX Coordinator will provide the Principal with the determination of responsibility that results from the Policy 2266 - Nondiscrimination on the Basis of Sex in Education Program or Activities grievance process.

**Complaint and Investigation Procedure**

A Complainant may file a complaint, either orally or in writing with a teacher, principal, or other District employee at the student's school, the CO, District Administrator, or other District official who works at another school or at the District level. Due to the sensitivity surrounding complaints of harassment, timelines are flexible for initiating the complaint process; however, individuals should make every effort to file a complaint within thirty (30) days after the conduct occurs while the facts are known and potential witnesses are available. If a Complainant informs a teacher, principal, or other District official at the student's school, the CO, District Administrator, or other District employee, either orally or in writing, about any complaint of harassment, that employee must report such information to the CO within two (2) days.

Throughout the course of the process, the CO should keep the parties reasonably informed of the status of the investigation and the decision-making process.

**EXHIBIT 2**

All complaints must include the following information to the extent known: the identity of the Respondent; a detailed description of the facts upon which the complaint is based (i.e., when, where, and what occurred); and a list of potential witnesses.

If the Complainant is unwilling or unable to provide a written statement including the information set forth above, the Compliance Officer shall ask for such details in an oral interview. Thereafter the CO will prepare a written summary of the oral interview, and the Complainant will be asked to verify the accuracy of the reported charge by signing the document.

Upon receiving a complaint, the CO will consider whether any action should be taken in the investigatory phase to protect the Complainant from further harassment or retaliation including but not limited to a change of class schedule for the Complainant or the Respondent, or possibly a change of school for either or both of the parties. In making such a determination, the Compliance Officer should consult the District Administrator prior to any action being taken, except for complaints against the District Administrator, in which case the Board President should be consulted. The Complainant should be notified of any proposed action prior to such action being taken.

As soon as appropriate in the investigation process, the CO will inform the Respondent that a complaint has been received. The Respondent will be informed about the nature of the allegations and a copy of any relevant policies and/or administrative procedures and the Board's anti-harassment policy shall be provided to the Respondent at that time. The Respondent must also be provided an opportunity to respond to the complaint.

All investigations shall be commenced as soon as practicable upon receipt of a complaint and concluded as expeditiously as feasible, in consideration of the circumstances, while taking measures to complete a thorough investigation. The Complainant shall be notified in writing of receipt of the complaint within forty-five (45) days of the complaint and shall reach a determination concerning the complaint within ninety (90) days of receipt unless additional time is agreed to by the Complainant.

Generally, within two (2) days of receiving the complaint, the CO will initiate an investigation by at a minimum confirming receipt of the complaint with the Complainant and informing the Complainant of the investigation process.

The investigation generally will include:

A. interview(s) with the Complainant;

B. interview(s) with the Respondent;

C. interviews with any other witnesses who reasonably may be expected to have any information relevant to the allegations, as determined by the CO;

D. consideration of any documentation or other evidence presented by the Complainant, Respondent, or any other witness which is reasonably believed to be relevant to the allegations, as determined by the CO.

At the conclusion of the investigation, the CO shall prepare and deliver a report to the District Administrator which summarizes the evidence gathered during the investigation and provides recommendations based on the evidence and the definition of harassment as provided in Board policy and State and Federal law as to whether the Respondent engaged in harassment/retaliation of the Complainant. In determining if harassment occurred, a preponderance of evidence standard will be used. The CO's recommendations must be based upon the totality of the circumstances, including the ages and maturity levels of those involved.

The CO may consult with the Board's attorney during the course of the investigatory process and/or before finalizing the report to the District Administrator.

Generally, within five (5) days of receiving the report of the CO or designee, the District Administrator, or in the case of a complaint against the District Administrator or a Board member, the person designated to serve as the decision-maker for the complaint either must issue a written decision regarding whether the complaint has been substantiated or request further investigation. A copy of the District Administrator's final decision will be delivered to both the Complainant and the Respondent. The District Administrator may redact information from the decision consistent with applicable law. The Board authorizes the District Administrator to consult with legal counsel to determine the extent to which information in an investigation report must be provided to either the Complainant or Respondent.

If the District Administrator requests additional investigation, the District Administrator must specify the additional information that is to be gathered, and such additional investigation must be completed within five (5) days. At the conclusion of the additional investigation, the District Administrator must issue a final written decision as described above.

**EXHIBIT 2**

The decision of the District Administrator shall be final. If the Complainant feels that the decision does not adequately address the complaint they may appeal the decision to the State Superintendent of Public Instruction by submitting a written request to the Wisconsin Department of Public Instruction ("DPI"), Pupil Nondiscrimination Program, or by contacting the DPI Pupil Nondiscrimination Program at (608) 267-9157.

The Board reserves the right to investigate and resolve a complaint or report of harassment regardless of whether the member of the School District community or Third Party alleging the harassment pursues the complaint. The Board also reserves the right to have the complaint investigation conducted by an external person in accordance with this policy or in such other manner as deemed appropriate by the Board.

To the extent required by law or permitted by the District, the parties may be represented, at their own cost, at any of the above-described meetings/hearings.

The right of a person to a prompt and equitable resolution of the complaint shall not be impaired by the person's pursuit of other remedies such as the filing of a complaint with the Office for Civil Rights, the filing of charges with local law enforcement, or the filing of a civil action in court. Use of this internal complaint process is not a prerequisite to the pursuit of other remedies.

### Additional School District Action

If the evidence suggests that the harassment at issue is a crime or requires mandatory reporting under the Children's Code (Sec. 48.981, Wis. Stat.), the CO or District Administrator shall report the harassment to the appropriate social service and/or law enforcement agency charged with responsibility for handling such investigations and crimes.

Any reports made to the local child protection service or to local law enforcement shall not terminate the CO's obligation and responsibility to continue to investigate a complaint of harassment. While the COs may work cooperatively with outside agencies to conduct concurrent investigations, in no event shall the harassment investigation be inhibited by the involvement of outside agencies without good cause after consultation with the District Administrator.

### Privacy/Confidentiality

The District will employ all reasonable efforts to protect the rights of the Complainant, the Respondent(s), and the witnesses as much as possible, consistent with the District's legal obligations to investigation, take appropriate action, and comply with any discovery or disclosure obligations. Confidentiality cannot be guaranteed, however. Respondents must be provided an opportunity to meaningfully respond to allegations.

All records generated under the terms of this policy shall be maintained as confidential to the extent permitted by law. Additionally, the Respondent must be provided with the Complainant's identity.

During the course of an investigation, the CO will instruct each person who are interviewed about the importance of maintaining confidentiality. Any individual who is interviewed as part of an investigation is expected not to disclose to Third Parties any information that is learned or provided during the course of the investigation.

### Directives During Investigation

The CO may recommend to the District Administrator placing any employee involved in an investigation under this Policy on administrative leave pending resolution of the matter. If the District Administrator is the Respondent, the CO shall make such recommendation to the Board. For example, administrative leave may be appropriate in situations in which protecting the safety of any individual or the integrity of the investigation necessitates such action.

The CO shall determine whether any witnesses in the course of an investigation may be required to answer questions that could also involve criminal investigations or sanctions, including the existence of a co-occurring law enforcement investigation are still required to answer questions concerning the District's investigation, but are entitled to do so without waiving their Constitutional right against self-incrimination that applies during a criminal investigation. Employees should be advised of this right, through what is often referred to as a "Garrity Warning". The Garrity Warning informs the employee that the employee is required to respond to questions posed during the investigation and that answers to questions relating to the employee's conduct may be used by the District for determining appropriate discipline, but will not be provided to law enforcement officials in the course of their independent criminal investigation, unless otherwise required by law. (see Form 5517 F3 - "Garrity" Warning)

Every employee interviewed in the course of an investigation is required to provide truthful responses to all questions. Failure to do so may result in disciplinary action.

### Remedial Action and Monitoring

**EXHIBIT 2**

If warranted, appropriate remedial action shall be determined and implemented on behalf of the Complainant, including but not limited to counseling services, reinstatement of leave taken because of the discrimination, or other appropriate action.

The Board may appoint an individual, who may be a District employee, to follow up with the Complainant to ensure no further discrimination or retaliation has occurred and to take action to address any reported occurrences promptly.

**Sanctions and Disciplinary Action**

The Board shall vigorously enforce its prohibitions against harassment by taking appropriate action reasonably calculated to stop the harassment and prevent further misconduct.

While observing the principles of due process, a violation of this policy may result in disciplinary action up to and including the discharge of an employee or the suspension/expulsion of a student. All disciplinary action will be taken in accordance with applicable law.

When imposing discipline, the District Administrator shall consider the totality of the circumstances involved in the matter, including the age and maturity level of any student involved. In those cases where harassment is not substantiated, the Board may consider whether the alleged conduct nevertheless warrants discipline in accordance with other Board policies.

Where the Board becomes aware that a prior disciplinary action has been taken against the Respondent, all subsequent sanctions imposed by the Board and/or District Administrator shall be reasonably calculated to end such conduct, prevent its reoccurrence, and remedy its effects.

**Retaliation**

Retaliation against a person who makes a report or files a complaint alleging harassment/retaliation or participates as a witness in an investigation is prohibited. Neither the Board nor any other person may intimidate, threaten, coerce or interfere with any individual because the person opposed any act or practice made by any Federal or State civil rights law, or because that individual made a report, formal complaint, testified, assisted or participated or refused to participate in any manner in an investigation, proceeding, or hearing under those laws and/or this policy, or because that individual exercised, enjoyed, aided or encouraged any other person in the exercise or enjoyment of any right granted or protected by those laws and/or this policy.

Retaliation against a person for making a report of discrimination, filing a formal complaint, or participating in an investigation or meeting is a serious violation of this policy that can result in imposition of disciplinary sanctions/consequences and/or other appropriate remedies.

Formal complaints alleging retaliation may be filed according to the internal complaint process set forth above.

The exercise of rights protected under the First Amendment of the United States Constitution does not constitute retaliation prohibited under this policy.

**Education and Training**

In support of this policy, the Board promotes preventative educational measures to create greater awareness of discriminatory practices. The District Administrator shall provide appropriate information to all members of the School District community related to the implementation of this policy and shall provide training for District students and staff where appropriate. All training, as well as all information, provided regarding the Board's policy and discrimination in general, will be age and content appropriate.

**Retention of Investigatory Records and Materials**

The CO is responsible for overseeing retention of all records that must be maintained pursuant to this policy. All individuals charged with conducting investigations under this policy shall retain all information, documents, electronically stored information ("ESI"), and electronic media (as defined in Policy 8315) created and received as part of an investigation which may include but are not limited to:

A. all written reports/allegations/complaints/statements;

B. narratives of all verbal reports, allegations, complaints, and statements collected;

C. a narrative of all actions taken by District personnel;

**EXHIBIT 2**

D. any written documentation of actions taken by District personnel or individuals contracted or appointed by the Board to fulfill its responsibilities;

E. narratives of, notes from, or audio, video, or digital recordings of witness statements;

F. all documentary evidence;

G. e-mails, texts, or social media posts pertaining to the investigation;

H. contemporaneous notes in whatever form made (e.g., handwritten, keyed into a computer or tablet, etc.) pertaining to the investigation;

I. written disciplinary sanctions issued to students or employees and a narrative of verbal disciplinary sanctions issued to students or employees for violations of the policies and procedures prohibiting discrimination or harassment;

J. dated written determinations to the parties;

K. dated written descriptions of verbal notifications to the parties;

L. written documentation of any supportive measures offered and/or provided to the Complainant and/or the Respondent, including no contact orders issued to both parties, the dates issued, and the dates the parties acknowledged receipt;

M. documentation of all actions taken, both individual and systemic, to stop the discrimination or harassment, prevent its recurrence, eliminate any hostile environment, and remedy its discriminatory effects;

N. copies of the Board policy and/or procedures/guidelines used by the District to conduct the investigation, and any documents used by the District at the time of the alleged violation to communicate the Board's expectations to students and staff with respect to the subject of this policy (e.g., Student Code of Conduct and/or Employee Handbooks);

O. copies of any documentation that memorializes any formal or informal resolutions to the alleged discrimination or harassment;

P. documentation of any training provided to District personnel related to this policy, including but not limited to, notification of the prohibitions and expectations of staff set forth in this policy and the role and responsibility of all District personnel involved in enforcing this policy, including their duty to report alleged violations of this policy and/or conducting an investigation of an alleged violation of this policy.

The information, documents, ESI, and electronic media (as defined in Policy 8315) retained may include public records and records exempt from disclosure under Federal and/or State law (e.g., student records).

The information, documents, ESI, and electronic media (as defined in Policy 8315 - Information Management) created or received as part of an investigation shall be retained in accordance with Policy 8310 - Public Records, Policy 8315 - Information Management, Policy 8320 - Personnel Records, and Policy 8330 - Student Records for not less than three (3) years, but longer if required by the District's records retention schedule.

Revised 9/18/23

**© Neola 2023**

Legal          48.981, Wis. Stats.

               118.13, Wis. Stats.

               P.I. 9, Wis. Admin. Code

               P.I. 41 Wis. Admin. Code

               20 U.S.C. 1400 et seq., the Individuals with Disabilities Education Act of 2004, as amended (IDEA)

               29 U.S.C. 794, Section 504 of the Rehabilitation Act of 1973, as amended

               42 U.S.C. 1983

**EXHIBIT 2**

42 U.S.C. 2000d et seq., Title VI of the Civil Rights Act of 1964

42 U.S.C. 12101 et seq., Americans with Disabilities Act of 1990, as amended

34 C.F.R. Part 104, Section 504 Regulations

34 C.F.R. Part 300, IDEA Regulations

**EXHIBIT 2**