UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

NEW RICHMOND PARENTS FOR STRONG
SCHOOLS, UA.,

     Plaintiff,

                                       Case No. 3:26-CV-316

v.

SCHOOL DISTRICT OF NEW RICHMOND
BOARD OF EDUCATION,

     Defendant.

## RULE 26(f) JOINT PRETRIAL REPORT

Plaintiff by their undersigned attorneys at the Wisconsin Institute for Law & Liberty, and Defendant, by their undersigned attorneys at Squires, Waldspurger & Mace, P.A., respectfully submit the following report pursuant to Fed. R. Civ. P. 26(f) in anticipation of the Rule 16 scheduling conference set for August 4, 2026, at 3:00 PM. The parties met and conferred on July 22, 2026.

### NATURE OF THE CASE

Plaintiff contends this is a case seeking to protect the right of girls to privacy, dignity, and equal access to school facilities. Plaintiffs allege the New Richmond School District has violated those protections by enforcing a policy that allows male students to use girls' bathrooms based on gender identity rather than biological sex.

Defendant disagrees. Defendant argues its bathroom policy permits all students to use the designated male or female bathrooms that align with their gender

identity, or single-stall bathrooms located throughout Defendant's buildings, which conforms with binding Seventh Circuit precedent.

The parties submit the following proposed discovery plan:

1.    **Rule 26(a) Initial Disclosures**. The parties agree to exchange initial disclosures on or before August 21, 2026.

2.    **Disclosure of Experts**. The parties may use expert witnesses in this case. The parties propose that Plaintiff would disclose any expert witnesses on or before January 8, 2027. Defendants would disclose any expert witnesses on or before February 5, 2027.

3.    **Discovery End Date**. The parties agree that all discovery should be completed by March 22, 2027.

4.    **Dispositive Motions**. Both parties intend to file motions for summary judgment and agree that they should be treated as on cross-motions for summary judgment. The parties anticipate filing dispositive motions on or before March 26, 2027. The parties propose that Plaintiff would file a motion and supporting documents on March 26, 2027. Defendants would then file a cross-motion with a single combined brief responding to Plaintiff's motion and supporting their own by April 26, 2027. Plaintiff would file a combined reply/response brief by May 26, 2027. Finally, Defendants would file a reply in support of their cross motion by June 10, 2027. The parties believe this schedule would result in fewer briefs and a more efficient schedule for the parties and the Court.

**5.** **Trial Date**. While the parties believe it is possible this matter will be resolved fully on summary judgment motions, there may be disputed issues of fact that may require a trial. If a trial is necessary, the parties anticipate that this matter will be ready for trial approximately 90 days after the summary judgment motions are resolved.

**6.** **Subjects and Completion of Discovery**:

**A.** **Protective Order**. The parties believe that a protective order is necessary to govern discovery <u>and will jointly submit a proposed protective order</u>.

**B.** **Subjects on which discovery may be needed**. The parties agree that the subjects of discovery may include: the factual circumstances regarding the Defendants' application of the bathroom policy at issue and its impact on female students. Discovery may include written discovery (Interrogatories, Requests for Production of Documents, and Requests for Admissions) and depositions of the parties and witnesses.

**C.** **Disclosures of Discovery of ESI**. At this time, the parties do not anticipate any special issues related to the disclosure or discovery of electronic information. The parties agree that they will produce either a hard-copy version of any formerly or currently electronically-stored information (ESI) in a form adequate and reasonable to satisfy each party's discovery requests herein for ESI, or in lieu of a hard copy, to produce documents as multi-page PDF files. Documents produced as PDF files will be endorsed with sequential padded production numbers and the appropriate confidentiality designations. Files that cannot easily be converted to a

PDF format will be produced with a placeholder image and in their native format, provided that those native files do not contain privileged information. The file name of the native file will mirror the production number assigned to and endorsed on the placeholder page. The requesting party may request that specific electronic documents be subsequently produced in native format based on a showing that the native format of such documents is relevant to the claims or defenses at issue and provided that those native files do not contain privileged information.  To the extent that either party makes discovery requests that either specifically seek ESI, or which necessarily involve a substantial amount of ESI retrieval and review, the parties agree to discuss sharing any ESI-related costs and/or methods of reducing ESI related costs.

    **D.**    **Procedures Regarding Claims of Privilege and Work-Product Protection**. At this time, the parties do not anticipate any special issues related to the disclosure or discovery of attorney-client privileged or attorney work-product information. The parties agree that any documents in any format that contain attorney-client privileged information or legal work product (and all copies) shall be immediately returned to the producing party if the documents appear on their face to have been inadvertently produced or if there is notice of the inadvertent production within seven (7) days after the producing party discovers that the inadvertent production occurred. The parties agree that the recipient of such inadvertently produced information will not use the information, in any way, in the prosecution of the recipient's case. Further, the parties agree that the recipient may

- 4 -

not assert that the producing party waived privilege or work-product protection based upon the inadvertent production; however, the recipient may challenge the assertion of the privilege/protection and seek a court order denying the application of such privilege/protection.

        **E.**    **Limitations on Discovery**. At this time the parties do not propose any changes to the limitations on discovery, which are set forth by the Federal Rules or local rules.

Dated: July 29, 2026

        Respectfully Submitted,

        WISCONSIN INSTITUTE FOR
        LAW & LIBERTY, INC.

        *Lauren L. Greuel*
        Daniel P. Lennington
        Cory J. Brewer
        Lauren L. Greuel

        1241 North Franklin Place
        Milwaukee, WI 53202
        Phone: (414) 727-9455

        Dan@will-law.org
        Cbrewer@will-law.org
        Lauren@will-law.org

        *Attorneys for Plaintiff*

        SQUIRES, WALDSPURGER & MACE, P.A.

        *Elizabeth J. Vieira*
        Trevor S. Helmers

Elizabeth J. Vieira
Theo M. Britton

333 South Seventh Street, Suite 2800
Minneapolis, MN 55402
Phone: (612) 436-4300

trevor.helmers@raswlaw.com
liz.vieira@raswlaw.com
theo.britton@raswlaw.com

*Attorneys for Defendant*