UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

New Richmond Parents for Strong Schools, UA.,

Plaintiff,

v.

School District of New Richmond Board of Education,

Defendant.

Case No. 3:26-CV-316-WMC

**MEMORANDUM IN SUPPORT OF MOTION TO STAY DISCOVERY**

---

## INTRODUCTION

Defendant School District of New Richmond Board of Education ("District") respectfully requests a temporary stay of discovery pending resolution of its motion to dismiss. In the alternative, the District requests a protective order postponing its discovery obligations and prohibiting disclosure of confidential student information absent Court-approved safeguards.

The District's pending Rule 12(b)(6) motion seeks dismissal of all claims asserted in the Complaint. If granted, discovery will be unnecessary. Even if the Court grants only partial relief, the Court's ruling will clarify and narrow the issues that proceed to discovery. Further, Plaintiff's discovery requests seek extraordinarily sensitive information concerning minor students. Responding will require the District to locate, review, redact, notify families, and produce records of non-party students in compliance with applicable student privacy laws, imposing significant expense and administrative burden that may not

ultimately be necessary due to the pending motion.

A temporary stay pending resolution of the motion will conserve judicial and party resources, protect the privacy interests of nonparty students, and ensure that discovery proceeds only on claims that survive judicial review. Good cause therefore exists for the requested relief.

## FACTS AND PROCEDURAL HISTORY

Plaintiff filed its Complaint on April 10, 2026, alleging the District violated Title IX, students' right to privacy, and engaged in sex discrimination. *See* Doc. 1. The Complaint centers on the District's practice of allowing transgender students to use restrooms that align with their gender identity. On June 12, 2026, the District moved to dismiss all three claims in the Complaint with prejudice under Rule 12(b)(6). That motion remains pending.

On October 2, 2026, Plaintiff served written discovery, including requests for admission, interrogatories, and requests for the production of documents. The District's responses are presently due on December 1, 2026.

Despite the fact that Plaintiff has requested de-identified student data in some specific requests, the discovery necessarily seeks information that goes far beyond what one might colloquially understand to be educational data. The requests would require the District to identify which students have disclosed to school administrators that they identify as transgender. For example, Request No. 2 requires the District to "[p]roduce all communication between School District personnel and any student or parent concerning" the District's practice of allowing transgender students to use restrooms consistent with

their gender identity.[1] That request would require the District to produce communication between the District and any transgender students and parents regarding that student's bathroom use - necessarily identifying specific students as transgender.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(c) authorizes the Court, for good cause, to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including by ordering that discovery not occur. *Tuszkiewicz v. Allen-Bradley Co.*, 172 F.R.D. 393 (E.D. Wis. 1997). The movant must make a particular and specific showing of good cause rather than relying on broad or conclusory allegations of harm. *Id.* at 395.

Rule 26(d) separately authorizes the Court to control the sequence and timing of discovery for the convenience of the parties and in the interests of justice. *See Mirbeau of Geneva Lake LLC v. City of Lake Geneva*, No. 08-CV-693, 2009 U.S. Dist. LEXIS 97764 (E.D. Wis. Oct. 2, 2009); *see also Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002). District courts have broad discretion and inherent authority to stay discovery while preliminary questions that may dispose of an action are decided. *See Thompson v. Ret. Plan for Emps. of S.C. Johnson & Sons, Inc.*, No. 07-CV-1047, 2008 U.S. Dist. LEXIS 96902, at *30-31 (E.D. Wis. Nov. 14, 2008). When a party wishes to defer discovery while a threshold motion is pending, a court-ordered stay may be appropriate. *See Daniel J. Hartwig Assocs., Inc. v. Kanner*, 913 F.2d 1213, 1222 (7th Cir. 1990). In

---

[1] The District does not believe it necessary to provide copies of the discovery requests in support of this motion, as this information is merely being provided to illustrate the concerns, but the District will provide such documentation, if requested.

deciding whether to limit discovery, the Court considers the totality of the circumstances and weighs the value of the requested material against the burden of producing it. *Patterson*, 281 F.3d at 681.

## ARGUMENT

### I. A SHORT STAY IS WARRANTED BECAUSE THE PENDING MOTION TO DISMISS MAY DISPOSE OF THE ENTIRE ACTION OR MATERIALLY NARROW THE ISSUES FOR DISCOVERY.

The District's motion to dismiss seeks dismissal of every claim in the Complaint, and a resolution of that motion may make discovery unnecessary or narrow the issues in the case. This motion concerns timing, not ultimate discoverability.

While the District understands that a stay is not automatically granted in every case where a motion to dismiss is filed, courts routinely recognize that a temporary stay is appropriate when a pending motion may dispose of the case or materially reduce the scope of discovery. In *Thompson*, for example, the court stayed discovery because a pending dispositive motion could eliminate the need for further proceedings and discovery would not affect the legal questions before the court. *See Thompson*, 2008 U.S. Dist. LEXIS 96902, at *31.

The same considerations apply here. The District's motion presents purely legal challenges to the sufficiency of Plaintiff's pleadings and does not depend on additional factual development. Because discovery will not aid the Court in deciding those threshold legal questions, requiring the parties to engage in extensive discovery now would impose substantial costs while doing nothing to advance resolution of the pending motion.

The District does not seek an indefinite suspension. It requests a stay only until the

Court rules on a fully presented threshold motion. A temporary stay will allow the Court to determine whether Plaintiff has stated a viable claim before the parties incur the considerable burden and expense associated with discovery involving student records and educational data.

## II. PROCEEDING WITH DISCOVERY NOW WOULD IMPOSE AN UNDUE AND POTENTIALLY NEEDLESS BURDEN ON THE DISTRICT.

The burden to the District here extends well beyond the ordinary costs of litigation. Plaintiff's requests seek information concerning students, complaints, educational records, and communications involving school personnel. To respond, the District must identify potentially responsive records, determine whether they contain protected educational data, evaluate necessary redactions, consult with relevant personnel, prepare and give notice to parents, and prepare responses that comply with federal and state privacy obligations. Those efforts will consume significant time and public resources.

Those efforts also may prove entirely unnecessary if the motion to dismiss is granted. Rules 26(c) and 26(d) exist precisely to prevent parties from incurring unnecessary expense and burden where sequencing discovery would advance the efficient resolution of the litigation. *See Tuszkiewicz*, 172 F.R.D. at 395; *see also Mirbeau*, 2009 U.S. Dist. LEXIS 97764 at *7; *Thompson*, 2008 U.S. Dist. LEXIS 96902, at *31.

A brief stay pending resolution of the motion to dismiss will help avoid burdens that may ultimately prove unnecessary. By contrast, compelling production now would require the expenditure of resources and create privacy risks that cannot be undone if the action is later dismissed.

## III. THE SENSITIVE STUDENT INFORMATION IMPLICATED BY PLAINTIFF'S REQUESTS INDEPENDENTLY ESTABLISHES GOOD CAUSE.

Plaintiff's requests seek identifiable data on numerous minor students who are not parties to this litigation and who have no ability to protect their own interests before the Court. These privacy concerns are heightened because student education records are subject to FERPA's confidentiality protections, requiring the District to exercise particular care before any disclosure occurs.

The requests encompass records directly related to identifiable students and maintained by the District, including student complaints, communications regarding individual students, and records concerning individual students' use of school facilities. Those categories constitute education records and may contain personally identifiable information, requiring record-by-record review and notices to parents before production.

The Seventh Circuit has recognized that personally identifiable information may be highly confidential and may warrant protection under Rule 26(c). *Walsh v. Alight Solutions LLC*, 44 F.4th 716 (7th Cir. 2022). Protecting the confidentiality of minor students' education records is a substantial interest supporting carefully sequenced discovery and should be granted substantial weight in the Rule 26(c) analysis.

Although confidentiality does not make relevant information categorically undiscoverable, the Court may reduce avoidable privacy risks through sequencing, redaction, limited disclosure, and a protective order. Once confidential student information is disclosed, the resulting loss of privacy cannot be fully remedied through later court orders. Even where information is later designated confidential, the disclosure itself has

already occurred. The Court should therefore determine whether discovery is necessary before requiring production of sensitive student information and before imposing those risks on nonparty students.

It is difficult to overstate the sensitivity of the discovery sought in this case. The discovery would require the District to identify students who identify as transgender and students who other students and parents claim have genitalia that does not align with the bathroom they use. Although the Court may later determine such disclosure is necessary to allow Plaintiff to pursue any surviving claims, there is no benefit to either party for doing so preliminarily and an extraordinary burden on the minor students whose most intimate personal information would be disclosed.

A temporary stay avoids privacy risks and the substantially burdensome discovery processes without depriving Plaintiff of discovery that may later be shown to be relevant and proportional.

## IV. A TEMPORARY STAY WILL NOT UNFAIRLY PREJUDICE PLAINTIFF OR UNDERMINE THE COURT'S SCHEDULING OBJECTIVES.

The District recognizes the Magistrate Judge's direction that discovery proceeds without unnecessary delay. But the requested stay serves, rather than frustrates, efficient case management.

The requested stay would cause limited, manageable delay rather than substantive prejudice. The stay will not deny Plaintiff its discovery; it will sequence discovery after resolution of a motion that may eliminate or narrow the need for it. The Seventh Circuit has instructed courts to distinguish between denying discovery and merely postponing it,

with postponement warranting more favorable consideration. *Maresse v. Am. Acad. Of Orthopaedic Surgeons*, 726 F.2d 1150, 1159 (7th Cir. 1984) (plurality opinion), rev'd on other grounds, 470 U.S. 373 (1985).

The District is not asking that discovery be permanently foreclosed, or that Plaintiff proceed to adjudication without factual development. If claims survive, discovery may then proceed with the benefit of the Court's ruling and an appropriate protective order. That sequence avoids waste while preserving Plaintiff's ability to obtain discovery relevant to any surviving claim.

## CONCLUSION

Good cause exists because the pending motion presents purely legal questions, the requested discovery would require substantial review of confidential student information, and a brief stay will conserve both judicial and public resources without prejudicing Plaintiff. The District respectfully requests that the Court stay discovery until it resolves the District's pending motion to dismiss.

Alternatively, the District requests a protective order extending its deadline to respond to Plaintiff's discovery until an appropriate period of time after the Court's decision and prohibiting the production of confidential student information unless and until the parties negotiate and the Court approves an appropriate protective order.

Dated: November 6, 2026

**SQUIRES, WALDSPURGER & MACE, P.A.**

By: */s/ Trevor S. Helmers*
Trevor S. Helmers, Atty. No. 1096386
Elizabeth J. Vieira, Atty. No. 1137795
333 South Seventh Street, Suite 2800
Minneapolis, MN 55402
Phone: (612) 436-4300
trevor.helmers@raswlaw.com
liz.vieira@raswlaw.com

**ATTORNEYS FOR DEFENDANT**