UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

NEW RICHMOND PARENTS FOR STRONG SCHOOLS, UA.,

Plaintiff,

v. Case No. 3:26-cv-316

SCHOOL DISTRICT OF NEW RICHMOND BOARD OF EDUCATION,

Defendant.

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO STAY DISCOVERY**

## INTRODUCTION

The School District of New Richmond Board of Education (the "District") seeks to stay all discovery pending resolution of a motion to dismiss that was already pending when the parties jointly proposed their discovery schedule nearly four months ago. At that time, the District agreed that discovery would address the implementation of its challenged bathroom policy and its effects on female students. The parties also agreed that a protective order would address confidentiality concerns. The Plaintiff then sent written discovery to the Defendant that falls squarely within that agreed scope.

Plaintiff does not seek to identify transgender students or obtain their private educational records. To the extent responsive documents contain confidential information, those concerns can be addressed through redactions or appropriate

protections. The District offers no reason to delay responding to requests for admission, interrogatories concerning its own decision-making, or requests for policies and other nonconfidential documents. The District has failed to establish good cause for a stay of discovery.

## I. The District Has Not Pursued Less Restrictive Alternatives.

At the status conference, the Court encouraged the parties to promptly begin discovery. Plaintiff served its first set of discovery requests on October 2, 2026. The District subsequently requested additional time to respond, and Plaintiff agreed to extend the response deadline to December 1, 2026, on the express condition that the extension would not affect the remaining deadlines in the Court's scheduling order.

The parties expressly contemplated a protective order in their July 29, 2026, Joint Pretrial Report. Dkt. 18 at 3. On October 6, opposing counsel asked to confer regarding a protective order. Plaintiff responded the next day, agreeing to discuss the issue and inviting the District to circulate a proposed draft. The District never sent one. Instead, nearly a month later, on November 6, the District advised Plaintiff that it intended to move to stay discovery.

Even where a confidentiality concern may exist, a blanket stay of all discovery is not the appropriate remedy. Under Rule 26(c), a court may issue protective orders to protect a party from annoyance, embarrassment, oppression, or undue burden, without suspending discovery altogether. *Crawford-El v. Britton*, 523 U.S. 574, 118 S.Ct. 1584 (1998) (recognizing courts' broad discretion to control discovery under

Rules 26(c) and (d)). Bypassing available, targeted relief in favor of a complete suspension is precisely the kind of conduct that fails to establish good cause.

The District could have proposed a protective order, requested appropriate redactions, or sought to narrow particular requests. Instead, it seeks to suspend discovery altogether.

## II. The District Has Not Established Good Cause to Stay Discovery.

The District acknowledges that it must make a particular showing of good cause rather than rely on broad or conclusory allegations. Dkt. 28 at 3 (citing *Tuszkiewicz v. Allen-Bradley Co.*, 172 F.R.D. 393 (E.D. Wis. 1997)). Yet much of its argument rests on the possibility that its pending motion to dismiss could eliminate or narrow the litigation. That possibility exists whenever a defendant moves to dismiss. Standing alone, it does not establish good cause to suspend discovery.

The Supreme Court has made clear that the proponent of a stay bears the burden of establishing its need. *Clinton v. Jones*, 520 U.S. 681, 706–08, 117 S.Ct. 1636 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 255 (1936)). A stay is an exercise of judicial discretion, and the party requesting one must show that the circumstances justify it. *Id.* As this Court has already recognized, generalized allegations of harm are insufficient to establish good cause under Rule 26(c). *Tuszkiewicz v. Allen-Bradley Co.*, 172 F.R.D. 393, 395.

The mere filing of a motion to dismiss does not automatically stay discovery. *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 336 (N.D. Ill. 2005) (citing *SK Hand Tool Corp. v. Dresser Industries, Inc.*, 852 F.2d 936, 945 (7th Cir. 1988)).

Moreover, the District's motion to dismiss was already pending when the parties jointly proposed their discovery schedule.

In their July 29, 2026, Rule 26(f) Joint Pretrial Report, the parties agreed that discovery could include "the factual circumstances regarding the Defendants' application of the bathroom policy at issue and its impact on female students." Dkt. 18 at 3. The parties proposed no special limitations on discovery. *Id.* at 5. Plaintiff's requests concern precisely those subjects. Specifically, they concern the District's implementation of the challenged policy, its knowledge of complaints from female students, and its response to those complaints.

The District has not identified any material change in circumstances since the parties agreed to the discovery schedule. Nor does it explain why the pending motion to dismiss, which was filed before the agreement, now warrants a stay. Although the District also characterizes its requested stay as "temporary" and "brief," (Dkt. 28 at 5) it seeks to suspend discovery until the Court resolves the motion to dismiss, without specifying any particular duration.

The existing schedule requires Plaintiff's expert(s) to be disclosed by January 8, 2027, and the Defendants expert(s) by February 5, 2027. Discovery is to be completed by March 22, 2027, with Plaintiff's summary judgment motion and brief due by March 26, 2027. A trial is set for November 2027. A stay of discovery would require **all** of those deadlines to be moved. That is why Plaintiff only agreed to extend the Defendant's response deadline to Plaintiff's written discovery to December 1, 2026, **on the express condition** that the extension would not affect the remaining

deadlines in the Court's scheduling order. Delaying the written discovery responses and follow-up discovery beyond that completely undercuts the existing schedule. The District has not established good cause for that disruption.

## III. The District Mischaracterizes the Nature of Plaintiff's Discovery.

The District contends that Plaintiff's discovery requests would require it to identify transgender students and disclose sensitive personal information. Plaintiff seeks information about the District's challenged policy and its implementation, not the identities, medical information, or private educational records of transgender students. The District can provide information about its policy and practices without identifying individual students. To the extent responsive documents contain confidential student information, those concerns can be addressed through redactions or appropriate safeguards.

The District identifies Request for Production No. 2 as an example of a request that may implicate confidential student information. That request seeks communications between District personnel and students or parents concerning the Challenged Policy. Some responsive communications may contain identifying information, but that does not justify staying discovery altogether. The District could identify responsive documents, redact protected information where appropriate, or seek a protective order governing their production. Plaintiff has expressed its willingness to confer regarding appropriate confidentiality protections. The District has not explained why those ordinary procedures would be inadequate, nor has it

identified any reason that concerns associated with Request No. 2 should prevent it from responding to the remaining discovery requests.

The District has not explained why it cannot answer Plaintiff's thirteen requests for admission. None of them require the District to disclose any type of confidential information. Rather, these requests seek admissions concerning the District's own conduct and knowledge. Just as examples, Request for Admission No. 3 asks the District to:

> Admit that District personnel told at least one female student that, if she did not wish to share a girls' bathroom with a biological male student, she should use a single-user bathroom instead.

Request for Admission No. 9 similarly asks the District to admit that its Title IX Coordinator was informed the female students objected to sharing girls' bathrooms with a biological male student. None of the Requests for Admission seek the identity or educational records of any student. The District offers no explanation for why it cannot admit or deny these statements without disclosing confidential student information.

The District likewise fails to explain why its confidentiality concerns prevent it from answering interrogatories concerning its own policies and decision-making. Again, as an example, Interrogatory No. 4 asks the District to:

> Describe the Challenged Policy, including when it became effective and whether it has been modified since its adoption.

Interrogatory No. 15 asks the District to identify alternatives it considered for accommodating students who do not wish to use bathrooms corresponding to their biological sex and whether those alternatives were adopted or rejected. Neither

request requires disclosure of confidential student records. Indeed, Interrogatory No. 7 expressly begins, "Without identifying any students," before asking the District to describe circumstances in which female students used boys' bathrooms or locker rooms. The District has not demonstrated why these questions and the other interrogatories cannot be answered while protecting student privacy.

The same is true of numerous requests for production. Request for Production No. 5 seeks training materials provided to District personnel concerning students' access to bathrooms and locker rooms. Request for Production No. 18 seeks documents concerning the "number, location, accessibility, availability, and use of single-user bathrooms at New Richmond High School." And Request for Production No. 19 seeks "all maps, signs, notices, or other materials created or posted by the District identifying single-user bathrooms or directing students to those facilities." These requests concern District policies, staff training, and the availability of school facilities. The District does not explain how producing such materials would require disclosing confidential student information, much less why potential confidentiality concerns associated with other requests justify withholding these documents.

Additionally, FERPA does not categorically prohibit production of all student information in litigation. FERPA permits disclosure of education records in response to a judicial order or lawfully issued subpoena, subject to applicable requirements. See 20 U.S.C. § 1232g(b)(2)(B); 34 C.F.R. § 99.31(a)(9). While this does not eliminate the District's privacy obligations, it undermines the suggestion that the mere possibility of responsive education records makes discovery unworkable. The District

even acknowledges that confidentiality does not make relevant information categorically undiscoverable.

The District seems to be conflating two separate issues. One is whether Plaintiff is entitled to conduct discovery concerning the District's practices and responses to student complaints. The other is whether particular documents require redactions or additional protections before production. This second issue does not justify delaying the first.

## IV. The Stay Would Prejudice New Richmond Parents for Strong Schools and Undermine the Court's Scheduling Order.

Staying discovery would unduly prejudice Plaintiff and would amount to a clear tactical disadvantage. Staying discovery would prevent Plaintiff from obtaining factual evidence necessary to establish the District's knowledge of and response to complaints concerning the policy at issue, the policy's effects on female students, and the District's reasons for maintaining the policy despite those complaints. This information is central to Plaintiff's claims and will inform depositions, expert discovery, and dispositive motions. A stay would therefore prevent Plaintiff from developing its case while the existing discovery and trial deadlines remain in place.

This case concerns alleged ongoing violations of students' rights. Delay has real consequences. Students advance through grades, graduate, or leave the District. School personnel may change positions. The longer discovery is postponed, the more difficult it may become to obtain relevant evidence and secure meaningful relief.

The District argues that Plaintiff will suffer no prejudice because discovery can resume once the motion to dismiss is resolved. But that assumes either that the Court

will rule in time for the parties to complete discovery under the existing schedule or that the Court will extend all of the deadlines. The District offers no explanation for how the parties can comply with the existing scheduling order if discovery remains stayed for an indefinite period.

## CONCLUSION

The District has not established good cause to stay discovery. Its speculative confidentiality concerns can be addressed through the ordinary discovery process and do not justify suspending discovery altogether. Plaintiff respectfully requests that the Court deny the District's motion or, alternatively, address any concerns with particular requests without staying discovery as a whole.

Dated: November 13, 2026.

Respectfully Submitted,

WISCONSIN INSTITUTE FOR
LAW & LIBERTY

*/s/ Cory J. Brewer*

Daniel P. Lennington
Cory J. Brewer
Lauren L. Greuel
Nathalie E. Burmeister

1241 N. Franklin Pl.
Milwaukee, WI 53202
Phone: (414) 727-9455

Dan@will-law.org
Cbrewer@will-law.org
Lauren@will-law.org
Nathalie@will-law.org

*Attorneys for Plaintiff*